IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40457
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL SILVA-SOTO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-99-CR-426-1

_____

March 23, 2001

Before GARWOOD, HIGGINBOTHAM, and PARKER, Circuit Judges.

PER CURIAM:[*]

Raul Silva-Soto appeals his convictions for conspiracy to possess and possession with intent to distribute more than 100 kilograms of marihuana. He contends that the district court erred in sustaining the Government's challenge for cause to a potential juror who had misdemeanor convictions for solicitation of prostitution and homosexual conduct, that a Government witness was

_____

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

allowed to comment on his postarrest silence in violation of his Fifth Amendment rights, and that the evidence was insufficient to sustain his convictions.

The record does not show that the district court abused its discretion in sustaining the Government's challenge to the juror, premised on the Government's argument that the juror had been convicted of a crime of moral turpitude.[1] *See United States v. Gonzalez-Balderas*, 11 F.3d 1218, 1222 (5th Cir. 1994). The appellant concedes that he cannot show that the panel that actually judged his case was biased. *See id.* A witness's unsolicited, brief and isolated reference to appellant's postarrest silence, following his denial of any knowledge of the marihuana hidden in the vehicle he was driving which he had borrowed from his father,

---

[1]The prospective juror had three prior convictions, all misdemeanors, namely DWI, Prostitution (Solicitation) and Homosexual Behavior. The government in challenging the juror merely said "we would challenge No. 24 for cause that he was convicted of a crime of moral turpitude." Defense counsel's response was only "his homosexual behavior which we would urge is either not a crime of moral turpitude, or if it is, it is constitutionally improper." Defense counsel continued without interruption to make its own challenges to other jurors. Immediately thereafter, the district court merely stated "Government's challenge for cause to No. 24 is sustained." Nothing said by the government or the district court, nor anything else in the record, suggests that the challenge was made or sustained on the basis of the conviction for Homosexual Behavior. At trial defense counsel did not suggest that prostitution was not a crime of moral turpitude or that the conviction for that offense was not a proper basis for the challenge for cause. In its appellate brief the government asserts the challenge was made on the basis of the prior prostitution conviction, which appellant concedes is an offense of moral turpitude. Nothing in the record suggests that appellant was or was believed or appeared to be homosexual.

was never mentioned by the prosecution during trial and had no tendency to undercut any theory of defense at trial (or anything said by appellant to the officers), and was harmless beyond a reasonable doubt.  *See Chapman v. United States*, 547 F.2d 1240, 1247-48 (5th Cir. 1977).  Finally, there was amply sufficient evidence from which the jury could find beyond a reasonable doubt that appellant knowingly conspired with others and possessed with intent to distribute the marihuana that was concealed in compartments welded inside the gas tank of the vehicle driven by appellant.  *See United States v. Ortega Reyna*, 148 F.3d 540, 543 (5th Cir. 1998).

AFFIRMED.